**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

PRISCILLA ALLEN, )
                Plaintiff, )
     v. ) Civil Action
                                ) Nos. 04-3332-CV-S-JCE
SPINNAKER DEVELOPMENT )
CORPORATION, INC., d/b/a )
SPINNAKER RESORT, et al., )
                                )
                Defendants. )

## ORDER

This case comes before the Court under Title VII and the Missouri Human Rights Act ("MHRA"). Plaintiff has filed suit against Spinnaker Development Corp., Inc. ["Spinnaker Development"] d/b/a Spinnaker Resorts, Southwind Sales & Marketing, Inc. ["Southwind"], Regency Marketing Group, Inc. ["Regency Marketing"], French Quarter Management Group, LLC, French Quarter Group, LLC, Resort Sales Missouri, Inc. ["Resort Sales"], and Grand Regency Group, LLC. She contends that while she was employed with Southwind and Regency Marketing between August of 2000 and August of 2002, she was discriminated against on the basis of sex.

Pending before the Court is defendants' motion for summary judgment. Defendants argue that the integrated enterprises doctrine does not apply to this case. Therefore, it is contended that all defendants who did not employ plaintiff should be entitled to summary judgment on each count of her complaint. Defendants also allege that all defendants not named in her charge should be granted summary judgment because they did not have an opportunity to comply with Title VII and the MHRA.

## Standard of Review

There are well-settled principles in ruling a summary judgment motion. Summary judgment is appropriate when there is no genuine issue of material fact present in the case and judgment should be awarded to the party seeking the motion as a matter of law. Fed. R. Civ. P. 56©. E.g., Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Pierce v. Marsh, 859 F.2d 601, 603 (8th Cir. 1988).

As the Supreme Court reiterated in Celotex, the summary judgment procedure "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." 477 U.S. at 327. Because summary judgment is a drastic remedy, however, it should not be granted unless the moving party has established the right to a judgment with such clarity that there is no room for controversy. Umpleby v. United States, 806 F.2d 812, 814 (8th Cir. 1986). In addition, the party opposing summary judgment motions may not rest upon the allegations in the pleadings. The nonmovant must resist the motion by setting forth specific facts showing there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e); Buford v. Tremayne, 747 F.2d 445, 447 (8th Cir. 1984). A genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party. The moving party has the burden of proving that these requirements have been met. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

In ruling on motions for summary judgment, the Court must give the nonmoving party all reasonable inferences that can be drawn from the underlying facts. Fischer v. NWA, Inc., 883

F.2d 594, 598-99 (8th Cir. 1989), cert. denied, 495 U.S. 947 (1990). The nonmoving party must, however, resist a summary judgment motion by setting forth specific facts that show there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e); Burst v. Coors, 650 F.2d 930, 932 (8th Cir. 1981). The motion may then be granted only if there is no substantial evidence in support of that party's position. The Eighth Circuit has stated that summary judgment should be used sparingly in the context of employment discrimination and/or retaliation cases where direct evidence of intent is often difficult or impossible to obtain. Haas v. Kelly Services, Inc., 409 F.3d 1030, 1034-35 (8th Cir. 2005). It has also stated, however, that no separate summary judgment standard exists for discrimination or retaliation cases and that such cases are not immune from summary judgment. See Berg v. Norand Corp., 169 F.3d 1140, 1144 (8th Cir. 1999) ("there is no `discrimination case exception' to the application of Fed. R. Civ. P. 56, and it remains a useful pretrial tool to determine whether or not any case, including one alleging discrimination, merits a trial").

## Discussion

Defendants contend that they are entitled to summary judgment because they have never employed plaintiff and cannot be considered as employers under the integrated enterprise doctrine.

Plaintiff opposes the summary judgment motion in regard to defendants Spinnaker Development and Resort Sales. Neither defendant Southwind nor Regency Marketing has joined in the summary judgment motion. Because plaintiff does not oppose summary judgment for defendants French Quarter Management, LLC, French Quarter LLC, or Grand Regency, LLC, their motion for summary judgment will be granted.

3

Defendants assert that plaintiff was only employed by defendants Southwind and Regency Marketing, but has never been employed by any of the other defendants. They rely on the fact that she did not receive paychecks from any of the other defendants and her W-2's reflect that she was only employed by Southwind and Regency Marketing. Defendants also contend that they do not employ the requisite number of employees under Title VII or the MHRA, and therefore, cannot be considered an "employer" under those laws. Because of this, defendants assert that plaintiff can only reach them by invoking the integrated enterprise doctrine.

In Baker v. Stuart Broadcasting Co., 560 F.2d 389 (8th Cir. 1977), the Eighth Circuit set forth the applicable standards for combining entities as if they were one employer pursuant to the integrated enterprise doctrine. The factors to be considered are: the interrelation of the two entities' operations; the common management among the two entities; the centralized control of labor relations between the two entities; and the ownership or financial control common to the two entities. Id. at 392. Defendants contend that plaintiff has attempted to make all the entities in this lawsuit a single employer because of the use of the brand name "Spinnaker Resorts" in marketing timeshares to consumers. It is asserted that "despite the fact that all Defendants are generally involved with timeshare properties, each entity engages in very distinct operations." [Defendant's Motion, 25]. Spinnaker Development is represented as a development company involved with purchasing resort property, building villas, building amenities, handling the financing, and contracting out the sales and marketing, but not involved with the sales and marketing of its properties.

Defendants concede that the companies marketed various properties under the brand name "Spinnaker Resorts," but maintain that that is not a major factor the Court should consider

4

because the operations of the companies are separate.

It is also asserted that the companies do not have sufficient common management with the companies who employed plaintiff, although the defendants may have had some common directors and officers. Defendants assert that management over the day-to-day operations varied among the defendants, and that Darren Abbott managed Southwind and Regency Marketing when plaintiff was employed there, not Brian Taylor. It is contended that Darren Abbott never was employed by any of the other companies. Regarding centralized control over the labor relations, defendants contend that Spinnaker Development never had any employees, and that among the other defendants, there was no centralized control. They contend that Darren Abbott and the sales managers below him were never employed by Resort Sales prior to plaintiff leaving her employment. Defendants assert that they all had their own separate payrolls and payroll systems, and kept their own personnel files. Finally, they contend that the persons involved with the alleged discrimination were employees of Southwind and Regency Marketing.

Defendants also concede that there does exist some common ownership/financial control among some of the defendants in this case, but that this, alone, is not sufficient to make the determination that they should be considered one employer under the integrated enterprise doctrine.

Even if the Court were to find that some of the defendants should be considered integrated employers, defendants maintain that they should nevertheless be granted summary judgment because they were not listed in plaintiff's Charge of Discrimination. It is asserted that her Charge of Discrimination only lists Regency Marketing, Southwind, Resort Sales, and Presidion Solutions d/b/a Spinnaker Resorts. Therefore, defendant Spinnaker Development

contends that plaintiff has failed to exhaust her administrative remedies against it by not naming it in the Charge. Spinnaker Development contends that it had no notice of the charge and no opportunity to conciliate on its own behalf, because plaintiff cannot demonstrate that it had a substantial identity with the parties named in the charge. Spinnaker Development asserts that the same factors regarding not being integrated enterprises apply here.

It is plaintiff's contention that both Spinnaker Development and Resort Sales were her employers because she sold timeshares for various entities under the name "Spinnaker Resorts." She asserts that there is sufficient evidence that Spinnaker Development, doing business as Spinnaker Resorts, was the only entity that had the authority to operate under that fictitious name. Because defendants admit that Southwind and Regency Marketing operated with the name Spinnaker Resorts, and because a number of management employees of defendant all testified that they worked for Spinnaker or Spinnaker Resorts, she asserts that there is a material factual dispute regarding whether Spinnaker Development was her employer. It is also plaintiff's position that Spinnaker Development and Southwind are an integrated employer under the standards enunciated in Baker. Plaintiff contends that defendants are integrated enterprises because, for the first sixteen months of her employment, she was paid by Southwind, which was owned by Spinnaker Development; the corporate offices of Southwind were located at the corporate offices of one of the owners of Spinnaker Development, Brian Taylor, who served as vice president of Southwind; Brian Taylor hired Darren Abbott to be project director at Palace View by Spinnaker in Branson, Missouri; the various employees of Southwind used "Spinnaker Resorts," Spinnaker Development's registered name, in their business dealings with the public; the employees thought they were the employees of Spinnaker Resorts; and there is no evidence

6

that Southwind and Spinnaker Development took any steps to follow corporate formalities, such as entering into contracts with each other. She contends that there is sufficient evidence that the operations of these two entities are interrelated, they have common management, they have centralized control of labor relations, and they have common ownership to meet the integrated enterprise standard enunciated in Baker.

Plaintiff also contends that Spinnaker Development and Regency Marketing are integrated employers because the employees at Branson became employees of Regency Marketing in January of 2002, without any training or new materials or procedures, and continued to operate the same way on the same projects and continued to market themselves as Spinnaker Resorts. Regency Marketing was owned through a number of corporate entities ultimately held by Brian Taylor, one of the Spinnaker Development owners. It is her position that the two entities did not follow any corporate formalities, and there is evidence that they are interrelated.

She also asserts that Resort Sales was her employer and was an integrated employer with Spinnaker Development because she received a paycheck from that entity, the sales people there continued to market and sell time share properties at resorts under the Spinnaker Resorts name, Resort Sales is wholly owned through entities ultimately owned by Kenneth Taylor, one of the Spinnaker Development owners. Darren Abbott, the project manager of Palace View the whole time plaintiff was employed there, served in the same role at Resort Sales. Therefore, she asserts that there was common management, the entities were interrelated, and they were joint employers.

In response, defendants assert that Brian Taylor ran Southwind and Regency

7

Management, but was not involved in the day-to-day operations. They reiterate that they used the generic term "Spinnaker," or "Spinnaker Resorts" for name recognition and the marketing of timeshares. Defendants deny that the name "Spinnaker" on her I-9 form, indicated it to be the business/organization is a reference to Spinnaker Development. They also contended that regardless of the employees' subjective belief as to which company they worked for, for purposes of summary judgment, it must be presumed that they were not employees of Spinnaker Development. It is further asserted that Brian Taylor explained in his deposition that the majority of Regency Marketing's employees, when it ceased operating, went to work for Resort Sales, and not all of them, as plaintiff contends.

Regarding Spinnaker Development's claim as to her Charge of Discrimination, plaintiff asserts that it is not necessary to name an entity as a responsible party on the charge if the entity had adequate notice and had the opportunity to participate in the EEOC proceedings. Greenwood v. Ross, 778 F.2d 448, 451-52 (8th Cir. 1985). Plaintiff contends that, in her EEOC charge, she described the corporate entities in some detail, including using the name, "Spinnaker Resorts." She asserts that the fact that she did not name Spinnaker Development is not dispositive because both Brian and Kenneth Taylor were aware of the Charge, given that entities they owned were named in the Charge. Additionally, she asserts that Spinnaker Development's registered agent and lawyer knew about the Charge and had the opportunity to conciliate, in that Maria Parker Belbas responded to the charge on behalf of Southwind Management and Resort Sales. Plaintiff contends that because she was bringing her Charge against Spinnaker Resorts, the entity who operated under that name, Spinnaker Development, should have anticipated it was involved and therefore had notice of the charge.

8

Having fully reviewed the record in this case, the Court finds that there are material factual issues in dispute that render summary judgment inappropriate. In reviewing the facts in the light most favorable to the nonmoving party, as the law requires, the Court finds that plaintiff has raised sufficient material factual disputes to defeat defendants' Spinnaker Development and Resort Sales summary judgment motion. A review of the evidence indicates that Spinnaker Development's registered name is Spinnaker Resorts, and that this name has been used by a number of business entities owned in whole or in part by Kenneth and/or Brian Taylor. Plaintiff has alleged that defendants are integrated enterprises because, for the first sixteen months of her employment, she was paid by Southwind, which was owned by Spinnaker Development; that Southwind's corporate offices he corporate offices of Southwind were located at the corporate offices of one of the owners of Spinnaker Development, Brian Taylor, who served as vice president of Southwind; Brian Taylor hired Darren Abbott to be project director at Palace View by Spinnaker in Branson, Missouri; the various employees of Southwind used "Spinnaker Resorts," Spinnaker Development's registered name, in their business dealings with the public; the employees thought they were the employees of Spinnaker Resorts; and there is no evidence that Southwind and Spinnaker Development took any steps to follow corporate formalities, such as entering into contracts with each other. She contends that there is sufficient evidence that the operations of these two entities are interrelated, they have common management, they have centralized control of labor relations, and they have common ownership to meet the integrated enterprise standard enunciated in <u>Baker</u>. She advances the same argument in terms of Regency Marketing because the Southwind employees became Regency Marketing employees overnight, without any training or new materials or procedures, continued to operate the same way on the

9

same projects, and continued to market themselves as Spinnaker Resorts. Regency Marketing was owned through a number of corporate entities ultimately held by Brian Taylor, one of the Spinnaker Development owners. It is her position that the two entities did not follow any corporate formalities, and there is evidence that they are interrelated. In regard to Resort Sales, she claims that it was her employer and was an integrated employer with Spinnaker Development because she received a paycheck from that entity, the sales people there continued to market and sell time share properties at resorts under the Spinnaker Resorts name, Resort Sales is wholly owned through entities ultimately owned by Kenneth Taylor, one of the Spinnaker Development owners. Darren Abbott, the project manager of Palace View the whole time plaintiff was employed there, served in the same role at Resort Sales. Therefore, she asserts that there was common management, the entities were interrelated, and they were joint employers. Further, plaintiff contends that the employees deposed testified that they believed they worked for Spinnaker Resorts, the same project manager held that position each time the enterprises changed names, and plaintiff worked directly for this person.

For the reasons stated herein, the Court finds that the activity set forth by plaintiff is sufficient to raise a material factual dispute regarding whether Spinnaker Development and Resort Sales were her employers for purposes of Title VII. <u>Baker</u>, 560 F.2d at 392. Based on the state of the record at this time, there are genuine factual disputes regarding the interrelation of operations of these entities, the degree of common management, the extent of centralized control of labor relations, and the extent of common ownership or financial control. It is premature to speculate whether plaintiff will ultimately produce sufficient evidence to establish that Spinnaker Development and Resort Sales were her employers for submission of her case to

10

the jury against these defendants, along with Southwind and Regency Management. The Court finds, however, that for purposes of summary judgment, she has set forth sufficient evidence to create material factual disputes to overcome defendants' motion.

In terms of Spinnaker Development's that it did not have notice of the EEOC Charge, the Court also finds that plaintiff has raised a material factual dispute on this issue. Plaintiff asserts that she was bringing her charge against "Spinnaker Resorts," and because Spinnaker Development operated under that name, it should have anticipated that it was involved and had notice of the charge. Further, she contends that both Brian and Kenneth Taylor were aware of the Charge, given that entities they owned were named in it, and Spinnaker Development's registered agent and lawyer knew about the Charge and had the opportunity to conciliate, by virtue of the fact that she responded to the charge on behalf of Southwind Management and Resort Sales. The Court finds that plaintiff has raised genuine material factual disputes for trial, which render summary judgment inappropriate on this issue as well.

Based on the foregoing, it is

ORDERED that defendants Spinnaker Development and Resort Sales motion for summary judgment be, and it is hereby, denied. It is further

ORDERED that defendants French Quarter Management, LLC, French Quarter LLC, and Grand Regency, LLC, motion for summary judgment be, and it is hereby, granted.

                                                  S/ James C. England
                                                  JAMES C. ENGLAND, CHIEF
                                                  United States Magistrate Judge

Date: 4/6/06